**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4953
Fax (410) 962-2895

January 27, 2022

LETTER OPINION

      RE:    *Trenton A. v. Commissioner, Social Security Administration*
               Civil No. JMC-19-1568

Dear Counsel:

      Arjun K. Murahari, Esq. has filed another motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 23. In response, the Commissioner asked this Court to consider whether Mr. Murahari's requested additional amount constitutes a reasonable fee when added to the amounts already received. ECF 26. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Murahari's current motion for attorney's fees is DENIED.

      This Court previously awarded Mr. Murahari a total of $4,125.00 for a total of 21.25 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 19. Plaintiff subsequently received an Award Notice for past due benefits. ECF 20-2. Mr. Murahari then filed a Motion in this Court, seeking $26,103.00 in attorney's fees for the 21.25 hours he worked. ECF 20. Mr. Murahari agreed to reimburse Plaintiff in the amount of the CJRA fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009). Despite the fact that the fee requested translated to a high hourly rate of $1,228.37, this Court deemed the fees reasonable and granted the petition for fees on October 5, 2021. ECF 22. Now, because Plaintiff received another Award Notice for additional past due benefits, Mr. Murahari seeks 25% of that new award, for a total of an additional $8,116.00 in fees. ECF 23.

      The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

*Trenton A. v. Commissioner, Social Security Administration*
Civil No. JMC-19-1568
January 27, 2022
Page 2

      Here, Mr. Murahari and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which he might become entitled. ECF 17-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted itemized reports documenting 21.25 chargeable hours he expended before this Court in Plaintiff's case. ECF 17-7 (listing a total of 21.5 hours, 0.25 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1610.26 per hour. Mr. Murahari must therefore show that an effective rate of $1610.26 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

      Notably, Mr. Murahari's typical hourly billing rate is $350, ECF 17-6 ¶ 6, which, coincidentally, is also the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Murahari, generally reasoning that a rate of slightly more than triple the top hourly rate is a reasonable one under these circumstances. *See Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090, 2019 WL 3340738 (D. Md. July 25, 2019); *Kimberly B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2519, 2019 WL 1559426 (D. Md. Apr. 10, 2019). In fact, in two opinions just this past week, I have opined that an hourly rate of $1,150.00 is reasonable for Mr. Murahari's work, as it is slightly more than triple his top hourly rate. *See Sherry S. v. Comm'r, Soc. Sec. Admin.*, No. JMC-19-3289; *Steven S. v. Comm'r, Soc. Sec. Admin.*, No. JMC-19-1055. Here, he has already received a fee in excess of that amount when he was paid an effective rate of $1,228.37 in October. Thus, this Court does not believe an award of additional fees would be reasonable, despite the additional past due benefits awarded to his client.

      For the reasons set forth herein, this Court DENIES Mr. Murahari's Motion seeking additional attorney's fees, ECF 23.

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2021). Currently, Mr. Murahari has over ten years of experience, ECF 17-6, and the presumptively reasonable hourly rate for attorneys admitted to the bar for nine (9) to fourteen (14) years is between $225.00 and $350.00, Loc. R. App. B (D. Md. 2021).

*Trenton A. v. Commissioner, Social Security Administration*
Civil No. JMC-19-1568
January 27, 2022
Page 3

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                            Sincerely yours,

                                            /s/

                                          J. Mark Coulson
                                          United States Magistrate Judge